UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAUREEN RUTH MOORE COPELAND Successor Trustee of the other Clarence M. Moore and Laura P. Moore Trust, | Case No. 5:18CV2413 |
| | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| Plaintiff, | |
| v. | MEMORANDUM OPINION & ORDER |
| HIRAM TOWNSHIP, et al., | |
| Defendants. | |

This matter is before the Court on a Motion for Voluntary Dismissal Without Prejudice, or Alternatively, for Extension of Discovery and Summary Judgment Deadlines, filed by Plaintiff Laureen Ruth Moore Copeland, Successor Trustee, Clarence M. Moore and Laura P. Moore Trust ("Plaintiff"). ECF Dkt. #22. On May 2, 2019, Defendants Hiram Township, members of the Board of Zoning Appeals Janet Pancost, Gary Bott, Thomas Franek, Zoning Inspector Richard Gano, and Does 1-10 as additional employees, agents or elected officials of Hiram Township ("Defendants") filed a brief in opposition to the Motion for Voluntary Dismissal Without Prejudice. ECF Dkt. #24. For the following reasons, the Court GRANTS Plaintiff's Motion for Voluntary Dismissal Without Prejudice and DISMISSES Plaintiff's complaint without prejudice on the condition that Plaintiff, if she chooses to do so, file a new complaint in this Court against these Defendants concerning the claims in the instant case within 90 days of the date of this Memorandum Opinion & Order. *Id.*

1

On October 18, 2018, Plaintiff filed a complaint in this Court pursuant to 42 U.S.C. § 1983 alleging that Defendants violated her procedural due process, substantive due process, and equal protection rights relating to actions they took and made her take as to property that she owns which is used as a public airfield that was established prior to enactment of Defendant Hiram Township's Zoning Resolution. ECF Dkt. #1. On December 18, 2018, Defendants filed an answer to the complaint. ECF Dkt. #9. On January 14, 2019, the parties consented to the undersigned's exercise of jurisdiction in this case. ECF Dkt. #12.

On May 1, 2019, Plaintiff filed the instant motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. ECF Dkt. #22. In that motion, Plaintiff alternatively requests that the Court extend the deadlines for conducting discovery and filing summary judgment motions. *Id*. On May 2, 2019, Defendants filed a brief in opposition to the motion for voluntary dismissal. ECF Dkt. #24. On May 3, 2019, the Court held a conference on the motion, with Attorney James Ickes present on behalf of Plaintiff, and Attorney Tonya Rogers present on behalf of Defendants. The Court discussed the motion with counsel for both parties and heard the parties' positions and arguments.

Upon review of the motion and brief in opposition, counsels' assertions at the conference, and the relevant law, the Court GRANTS Plaintiff's Motion for Voluntary Dismissal Without Prejudice on the condition that Plaintiff have 90 days in which to file a new complaint in this Court against these Defendants as to the claims in the instant complaint, if she chooses to refile.

In her motion for voluntary dismissal, Plaintiff asserts that Defendants will suffer no "plain legal prejudice" if the Court grants her motion for voluntary dismissal and she will suffer severe prejudice if she is required to proceed in the instant case. ECF Dkt. #22 at 2-3. Plaintiff submits

2

that voluntary dismissal of her case is necessary primarily because a recent probability of a costly and time-consuming discovery battle has arisen over producing the Defendant board members for depositions and she has financial concerns and a present inability to pay for said discovery battles, motions practice, and a possible trial. *Id*. Plaintiff points out, and the docket reflects, that the parties were working on joint stipulations and exhibits in order to streamline discovery, with said joint stipulations filed on April 8, 2019. ECF Dkt. #20. However, three days prior to the filing of the joint stipulations, Plaintiff indicates that her counsel requested deposition dates to depose Defendants' board members and Defendants' counsel sent a letter on April 8, 2019, claiming that the board members had absolute privilege and were therefore not going to be made available for depositions. ECF Dkt. #22 at 2. Plaintiff explains that her counsel emailed Defendants' counsel with legal arguments against absolute immunity and again requested deposition availability dates, but Defendants' counsel did not respond. *Id.* at 3. Plaintiff indicates in her motion that her counsel informed her that he thought they would have to prepare for a costly and time-consuming discovery dispute over the immunity of Defendants' board members with a looming discovery deadline. *Id*. Plaintiff further asserts that Defendants did not want to engage in meaningful settlement discussions and her financial concerns and present inability to pay for costly discovery disputes, motion practice, and trial, led to her decision to file the instant motion to voluntarily dismiss her case without prejudice. *Id.*

In its brief in opposition to Plaintiff's motion for voluntary dismissal, Defendants request that the Court order the voluntary dismissal to be with prejudice due to extensive prior efforts litigating this matter and to avoid future cost, inconvenience, and delay for Defendants. ECF Dkt. #24 at 1. Defendants explain that they did object to proceeding with the depositions of its board

3

members and Plaintiff did not serve deposition notices to force the issue, did not immediately raise a discovery dispute with the Court, and sent only two letters concerning the dispute just three weeks before the deadline for fact discovery. *Id.* at 2. Defendants further submit that the overall dispute between the parties has been ongoing for the past three years and they had already been through the entire litigation process in state court. *Id.* at 2. Defendants also indicate that they had a motion for summary judgment prepared and ready to go in the instant case, but did not complete and file it because they were awaiting the Court's response to Plaintiff's initial and incorrectly filed April 19, 2019 Notice of Voluntary Dismissal of her case. *Id.* at 3, citing ECF Dkt. #21. Defendants conclude that they have therefore shown "plain legal prejudice" such that the Court should either deny Plaintiff's motion for voluntary dismissal without prejudice or grant Plaintiff's motion for voluntary dismissal, but do so with prejudice.

Rule 41(a)(1) provides that a plaintiff may dismiss her complaint without a court order by filing a notice of dismissal before the opposition party serves an answer or a motion for summary judgment, or by filing a stipulated dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1). Rule 41(a)(2), which applies in the instant case as Defendants have filed an answer, provides that: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, as terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

"A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music Inc. v. Universal-MCA Music. Pub., Inc*., 583 F.3d 948, 953 (6th Cir. 2009), citing *LeBlang Motors, Ltd. v. Subaru of Am., Inc.,* 148 F.3d 680, 685 (7th Cir.1998) and *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir.1986)."[T]he purpose of Rule 41(a)(2) is to protect the

4

nonmovant ... from unfair treatment." *Bridgeport Music Inc.*, 583 F.3d at 953. In determining if unfair treatment will occur, the Court looks to whether the nonmovant "would suffer plain legal prejudice" by dismissing the complaint without prejudice. *Id*. (citations and internal quotation marks omitted). The possibility that the nonmoving party may face a second lawsuit does not satisfy this standard. *Id*. In determining "plain legal prejudice," the Court considers "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir.1994) (citations omitted). A district court's decision on a Rule 41(a)(2) motion is reviewed for an abuse of discretion. *DWG Corp. v. Granada Investments, Inc*., 962 F.2d 1201, 1202 (6th Cir.1992).

The Court finds that a voluntary dismissal without prejudice based upon a condition to offset any prejudice to Defendants is proper in this case. Reviewing the relevant factors, Defendants have expended some effort and expense in preparing the instant case for trial, although they stated that they have already litigated this case in state court, which cuts down on the effort and expense of preparing the instant case for trial in this court if the claims were similar in state court. Further, the parties are just completing the discovery phase in this case with some new discovery disputes and Defendants indicate that they have a summary judgment motion substantially prepared that they were going to file, but they were awaiting the Court's response to Plaintiff's initial and incorrect Notice of Voluntary Dismissal filing. Plaintiff has not excessively delayed or shown a lack of diligence in prosecuting the instant action and she has provided a sufficient explanation for the necessity of the dismissal based upon her financial concerns and

present inability to pay to continue this case based upon increasing costs for upcoming costly discovery disputes. While some of the relevant factors weigh in favor of Defendants, there are also concerns with Plaintiff's ability to continue on with her case due to financial reasons. The Court finds that a proper balance for both parties is a voluntary dismissal without prejudice, but with a condition that will offset the prejudice the defendant may suffer from the dismissal without prejudice.

Accordingly, the Court grants Plaintiff's motion for voluntary dismissal without prejudice (ECF Dkt. #22) on the condition that if Plaintiff chooses to refile, she must file a new complaint in this Court against these Defendants concerning the claims in the instant complaint within 90 days from the date of this Memorandum Opinion & Order. This limited time to file a complaint allows Plaintiff time to address her financial concerns and still be able to file her claims if she chooses to do so, and offsets any prejudice to Defendants in expending additional time, cost and effort as to the litigation of said claims.

IT IS SO ORDERED.

Date: May 3, 2019                              */s/George J. Limbert*
                                               GEORGE J. LIMBERT
                                               UNITED STATES MAGISTRATE JUDGE